## Hood *against* Inman.

*Pleadings* should consist of averments or allegations of facts, stated with as much brevity and precision as possible ; not of inference or argument.

*Impertinence* in pleadings, consists in setting forth what is not necessary to be set forth, as stuffing them with recitals and long digressions as to matters of fact wholly immaterial.

Generally, the bill and answer ought not to set forth deeds in *hæc verba* ; but so much of them only, as is material to the point in question ; nor ought they to be argumentative or rhetorical.

EXCEPTIONS to the defendant's answer : 1. That the answer sets forth, in *hæc verba*, a copy of the power of attorney from the plaintiff to the defendant and *William Lang*, mentioned in the bill, though the defendant was not requested so to do, and though the substance of the power was fully stated in the bill, and when, by setting it forth in

*June 23d.*

*hæc verba,* the sense and legal effect of it are not, in the least, qualified or varied from the same instrument as set forth in the bill.

2. Because, the defendant has, in his answer, from a part of the 17th page thereof, to a part of the 19th page thereof, beginning, &c. stated matters not necessary to answer any allegations in the bill, to which he is not interrogated, and upon which no pertinent interrogatories can be framed, or depositions given, and which are totally irrelevant, immaterial, and highly scandalous.

The exceptions having been referred to a Master, were allowed by him, and the defendant excepted to his *report.* And the question now came upon the exceptions to the report.

*Caines,* for the plaintiff, in support of the exceptions taken to the answer, cited *Coop. Eq. Pl.* 317, 318, 319. *Mitf. Pl.* 257.   1 *Harris' Ch.* 88. 101, 102. 303.

*H. W. Warner,* contra.

THE CHANCELLOR.   1. It was not necessary to set forth the power of attorney *in hæc verba,* in the answer. The substance of it was accurately stated in the bill, and to give it at length in the answer, was impertinent.   Impertinence consists (1 *Harr. Pr.* 101. 303.) in setting forth what is not necessary to be set forth, as where the pleadings are stuffed with long recitals, or with long digressions of matters of fact which are totally immaterial.   An answer, or a bill, ought not, ordinarily, to set forth deeds *in hæc verba;* and if the pleader sets forth only so much thereof as is material to the point in question, it is sufficient.   They are matter of evidence to be shown at large at the hearing. In *Alsager* v. *Johnson,* (4 *Ves.* 217.) a bill of costs was given at large in the schedule to the answer, when a reference to the bill of costs delivered would have fully an-

swered the purpose, and it was deemed impertinent. The present case is not an instance of gross abuse of this rule of pleading; but I am glad to see the exception taken, and the point brought up, for the opportunity it affords of laying down the rule. I have frequently perceived the pleadings, and particularly the bill, incumbered with a recital, *in hæc verba*, of deeds, mortgages, and other documents, which, unless checked, will lead to great oppression of the suitor, and to the reproach of the Court. Whenever a proper case arises, I shall certainly mark it with animadversion; and shall endeavour to enforce, by all suitable means, precision and brevity in pleading. The objection to unnecessary *folia*, may be taken on the taxation of costs.

The ancient rules and orders of the *English* Court of Chancery, are very explicit, and powerfully monitory on this subject.

If any pleading should be found of an immoderate length, Lord *Bacon* declared, that both the party and the counsel under whose hand it passed, should be fined. And Lord Keeper *Coventry*, with the advice of Sir *Julius Cæsar*, the Master of the Rolls, in 1635, ordained, that bills, answers, &c. " should not be stuffed with the repetitions of deeds or writings *in hæc verba*, but the effect and substance of so much of them only as was pertinent and material to be set down, and that in brief and effectual terms, &c., and upon any default therein, the party and counsel under whose hand it passed, should pay the charge of the copy, and be further punished as the case should merit."

The same rule was, afterwards, adopted, or re-enacted, by the Lords Commissioners in 1649, and in Lord *Clarendon's Digest* or *System of Rules*, (*Beame's Orders*, 25. 69. 165.)

But we have a domestic precedent on this point, which is too interesting to be unnoticed.

In 1727, Governor *Burnet*, of the colony of *New-York*, exercising, *in council*, the powers of a Court of Chancery,

appointed five of the most distinguished counsel of the Court, as a committee, " to consider and report on the fees and dilatory proceedings in the Court of Chancery, as true and great grievances." This committee, consisting of *Archibald Kennedy, Rip Van Dam, Cadwallader Colden, James Alexander*, and *Abraham Van Horn*, reported to the council a number of abuses in the practice of the Court of Chancery, and the remedy. This report, which is inserted at the end of *Bradford's* edition of the *Colony Laws*, is a curious and instructive document; but my concern, at present, is only with what is termed the first abuse and remedy. It declares, " as an abuse, the inserting, at too much length, in bills, matters of inducement only. Thus, if *A.* has been entitled to the thing in question, who conveyed it to *B.*, who conveyed it to *C.*, who conveyed it to the plaintiff; after the thing is certainly set forth in *A.*, it is enough to say, he conveyed it to *B.*, and he to *C.*, and he to the plaintiff, as by the deeds ready to be produced, will appear." *No counsel*, say they, *ought to set their hands to any bill that is unduly long*, and if he does, he ought to pay all the charges arising from such needless length.

The exception to the Master's Report, allowing this first exception, is overruled.

2. The same objection applies to the matter forming the ground of the second exception. It was matter argumentative, rhetorical, irrelative, and, consequently, impertinent. Pleadings should consist of averments, or allegations of fact, and not of inference and argument.

The exception to the report is, also, overruled; and as the fault of the pleader was of a venial character, I am content that the costs of the exceptions, *in this particular case*, should abide the event of the suit.