(Decided 15th February, 1872.)

---

JOHN E. REESIDE and WIFE *vs.* GEORGE PETER, . Trustee.

*Objections to a Trustee's sale—Construction of section 9, of Article 64, of the Code, relating to Mortgages.*

Under a deed of trust containing a power to sell, the terms of sale being left discretionary with the trustee, he required one-half of the purchase money to be paid in cash, and the other half, with interest, in two equal instalments, in six and twelve months after the day of sale. The sale was made and reported to the Circuit Court. An objection was taken to the ratification of the sale, for the reason that the terms of sale were prescribed by the trustee and not by the Court, and were harsh and un-

usual, and precluded parties from attending the sale who otherwise would have been bidders. The Circuit Court overruled the objection. On appeal, HELD:

That there was no force in the objection, and it was properly overruled.

Where property is sold by a trustee under a power to sell contained in the deed of trust. and the sale is set aside by the Court of Appeals, on the ground that the property was not sufficiently described or designated in the public notice of sale by the trustee, and the cause is remanded in order that the property may be re-sold, and the necessary steps taken in the Court below for that purpose, in conformity with the opinion of the Appellate Court, the trustee may proceed to re-sell the property without an order of the Circuit Court directing such re-sale.

Where mortgaged property is sold under authority contained in the mortgage. and the sale, upon objections filed to its ratification, is set aside by the Court to which it was reported, the property may be re-sold without an order of the Court to that effect. The terms of the 9th section of Article 64, of the Code, do not require that a re-sale shall be ordered by the Court.

APPEAL from the Circuit Court for Montgomery County, in Equity.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, ALVEY and ROBINSON, J.

*Richard M. Williams,* for the appellants.

*George Peter,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This case arises upon exceptions to the ratification of a sale made by the appellee, as trustee, under a deed of trust containing a power to sell.

On a former appeal between the same parties, 33 *Md.,* 120, a previous sale made by the trustee was set aside, on the ground that the property was not sufficiently described or designated in the public notice of sale given by the trustee; and the cause was remanded, in order that the property might be

re-sold, and the necessary steps taken in the Court below for that purpose, in conformity with the opinion of this Court. The trustee thereupon proceeded to advertise the property again for sale, under the power contained in the deed, and the sale was made on the 24th day of August, 1870, and a report thereof made to the Circuit Court.

The appellants filed six objections to the ratification of the sale. Of these, the third and fifth have been properly abandoned by the appellants, and need not be particularly noticed.

The *fourth* and *sixth* have not been supported by proof.

The *second* alleges that the terms of sale prescribed by the trustee were harsh and unusual, and precluded parties from attending the sale who otherwise would have been bidders. To this objection it has been well answered by the appellee, that the deed leaves the terms of sale to the discretion of the trustee. Besides, the terms were not harsh or unreasonable— the purchase money was required to be paid one-half in cash, and the other half, with interest, in two equal instalments, in six and twelve months after the day of sale. In our opinion there is no force in this objection, and it was properly overruled by the Circuit Court.

The *first* objection has been mainly relied upon in this Court. It rests upon the ground that it was necessary, after the case had been remanded, for the Circuit Court to pass an order directing a re-sale of the property, and that the trustee had no power to sell without such order.

In our opinion, such order was not necessary; the power to sell was conferred upon the trustee by the terms of the deed, and no previous order of the Court is necessrry to enable the trustee to exercise it.

In the former appeal, this Court considered the instrument as a deed of trust and not as a mortgage. Even if it be treated, however, as a mortgage coming within the provisions of the Code, Article 64, and it be conceded that, after the sale had been set aside, the case came within the operation of the 9th section of that Article, still, we do not understand

Reeside and Wife *vs.* Peter, Trustee.

the terms of that section as mandatory, requiring that a re-sale shall be ordered by the Court. It would certainly be a safer and better practice to obtain such order; but the re-sale would not be invalid without it, nor is the want of it a good ground for setting the sale aside, if it be fairly made and free from objection on other accounts. The power to sell in this case is not derived from the Court, but from the deed; and as it may be exercised in the first instance, and the property sold without the Court's order, so may it be re-sold without such order, where the first sale has been set aside.

In the case of *Tyson vs. Mickle*, 2 *Gill*, 376, it was said: "If trustees have exercised a power which, if previously applied for, would have been granted, as it were, as a matter of course, a Court of Equity will, in the absence of proof showing the inexpediency and injustice of so doing, ratify the act done in the same manner as if the requisite authority had been antecedently applied for and granted."

This is a well settled rule in the Chancery Courts, and was recognized in *Cunningham vs. Schley*, 6 *Gill*, 203; *Gray vs. Lynch*, 8 *Gill*, 404, and in many other cases.

In every view, therefore, which may be taken of this question, it seems to us very clear, that the objections to the ratification of the sale were properly overruled by the Circuit Court; and its order will be affirmed and the cause remanded for further proceedings.

*Affirmed and remanded.*

(Decided 16th February, 1872.)