WALTER C. HUMPHREYS *vs.* THOMAS M. SLEMONS.

*Appeal from Decree in Equity— Verbal order for Appeal— Filing of Appeal bond.*

A decree in equity was passed on the 2nd day of June, 1893, and although a verbal order for an appeal was given on the 27th of July, no appeal was actually entered until the 4th day of August, more than two months after the decree was entered, when the following entry was made by the clerk: "Order for appeal verbally made July 27, 1893." Section 30 of Article 5 of the Code, requires all appeals from decrees of Courts of equity to be taken and entered within two months from the date of the decree. An appeal bond, reciting that an appeal had been prayed, was filed within the two months. HELD:

1st. That the appeal was not properly taken.

2nd. That the filing of the appeal bond could not take the place of an order and entry of appeal.

APPEAL from the Circuit Court for Wicomico County, in Equity.

The case as affecting the validity of the appeal is stated in the opinion of the Court. A motion was made

by the appellee to dismiss the appeal because the same was not entered in time, the notice of appeal not being made in writing, and because there was no entry showing that an appeal had been taken.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, MCSHERRY, BOYD, and BRISCOE, J.

*Walter C. Humphreys,* (with whom were *Thomas Humphreys,* and *James E. Ellegood,* on the brief,) for the appellant.

*E. Stanley Toadvin,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The decree appealed from was passed and filed in the Court below on the second day of June, 1893, and more than two months thereafter the following entry was made by the clerk: "Order for appeal *verbally* made July 27, 1893." This entry is the only evidence that an appeal was taken, except the fact of the filing of an appeal bond within the time limited for entering an appeal, in which it is alleged by way of recital that an appeal had been prayed. Unless the mere filing of this bond had the effect and took the place of an order and entry of appeal, the appeal in this case must be dismissed, because it was not taken and entered within two months, as required by section 30 of Article 5, of the Code, for we have held in *Miller, et al. vs. Murray, et al.,* 71 *Md.,* 64, that where a verbal order for an appeal in an equity case was given to the clerk of the Court in due time, but the appeal was not actually entered by him until after the time limited by law, the appeal will be dismissed, the verbal order having no effect. In that case BRYAN, J., delivering the opinion of the Court, said: "When an appeal is prayed in open Court, and the clerk

neglects to note it, the Court will, on motion, order the record to be amended, so as to speak the truth. When an application in writing for an appeal is filed with the clerk, this application is considered as part of the record, as much so as the bill or an answer or a plea or any other paper properly filed in due course. But, if an application is made by word of mouth, and the appeal is not actually entered by the clerk, we are at a loss to see on what legal principles it could have effect."

Here the decree appealed from was dated the second day of June, 1893, and although a *verbal order* for appeal was given on the 27th July, yet no appeal was *actually entered* until the fourth of August, which was more than two months after the date of the decree.

It was suggested, however, that the filing of the appeal bond was a sufficient compliance with the requirements of the Code, but we cannot agree to this view.

The bond is not a necessary incident of the appeal, which, indeed, if properly taken and entered, would have been perfectly valid without filing of any bond whatever. It cannot, therefore, we think, be said that an act like the filing of a bond which is altogether a voluntary act on the part of the appellant, can be made to take the place of an act which the law requires to be done in order to make a prayer for appeal effective. If the law regulating appeals may be satisfied by this act of the appellant, any other act of his, which, in his opinion, may be appropriate, would be equally effective; and the law would thus be nullified. But in this case there is nothing to show that the appellant ever supposed his bond was equivalent to a prayer for appeal, nor that the clerk, when he filed the bond, intended thereby to enter an appeal.

On the contrary, it is evident that the bond was offered by the appellant, approved and filed by the clerk,

Humphreys *vs.* Slemons.

upon the assumption that an appeal had been or would be seasonably taken and entered. It is of great importance that all rules regulating the rights of litigants should be clearly defined and well settled, and since the decision of this Court in the case cited, there ought to have been no doubt as to the question here involved.

The case, however, was fully argued upon its merits, and if it were properly before us, we should have no difficulty in reaching the same conclusion announced by the learned Judge below, for we think it clearly appears from the testimony that the appellee substantially complied with his contract, and that the appellant, although not entirely satisfied with the work in some particulars, accepted it, and has been for some time occupying and using the building.

*Appeal dismissed.*

(Decided 13th March, 1894.)