## PHARES M. MISHLER *vs.* ROLAND W. FINCH ET AL.

*Equity Pleading—Allegation as to Absence af Necessary Parties—Bill to Vacate Conveyance Because Fraudulent.*

When defendant's answer alleges that all the necessary parties to the proceedings have not been made, and the plaintiff does not except to the answer on the ground that it fails to name the persons who should have been made parties, no objection to the answer on this ground can be made on appeal, and if it then appears that a necessary party is lacking, the plaintiff is not entitled to relief.

Under a bill to set aside conveyances of two tracts of land by the defendant upon the ground that they were fraudulent as against the plaintiff, a creditor of the defendant, the bill and exhibits showed that in 1899 defendant was indebted to plaintiff on a promissory note on which

plaintiff obtained a judgment in 1904; that in 1899, defendant held the title to one of the tracts, and his wife the title to the other; that in 1900, defendant and his wife conveyed both tracts to a third party, who thereupon conveyed them back to defendant as trustee for his children with power of sale; that in 1904, before the rendition of plaintiff's judgment, the defendant, as trustee, conveyed one of the tracts to a certain B. The parties defendant to the bill were the defendant and his wife and children, and the third party who had re-conveyed the land to defendant as trustee. *Held*, that the bill must be dismissed, because as to one tract, the grantee B is not made a party and his rights cannot be affected by the proceeding, and as to the other tract because there is nothing in the evidence to show that it was not the property of defendant's wife to whom it had been conveyed before plaintiff's claim accrued.

*Decided November 1st, 1906.*

Appeal from the Circuit Court of Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*Chas. J. Hull* (with whom was *Wm. H. A. Hamilton* on the brief), for the appellant.

*Wm. H. Dawson* and *Jos. R. Gunther*, for the appellees.

JONES, J., delivered the opinion of the Court.

The appellant in this case, as plaintiff below, filed in the Circuit Court for Baltimore County his bill of complaint, which appears in the record, alleging that the appellee, Roland W. Finch, on the 25th day of May, 1899, became indebted to him (appellant) in the sum of six hundred and fifty dollars and gave to him (appellant) the said Finch's promissory note of that date for said amount payable with interest on the first day of September, 1899; that said note not having been paid at maturity the appellant brought suit thereon and on the 22nd of June, 1904, obtained judgment for the amount thereof with interest; that at the time of the said Finch becoming so indebted he "was seized and possessed of a large amount of fee

simple property situate in Baltimore County; towit, a tract or parcel of land containing 49 acres more or less, which was conveyed by John Murray and wife to said Roland W. Finch, by deed dated June 21st, 1888, and duly recorded;" and that "prior to the obtention of said judgment, he became seized and possessed of another tract or parcel of land situate in said county, on the Sparrow's Point Railroad, containing 34½ acres, more or less  *  .*  *  being the tract conveyed by Adrian Hughes, trustee to the said Roland W. Finch, by deed dated August 23rd, 1899 and "duly recorded, that on the second day of June, 1900, the said Finch together with his wife conveyed, for a pretended consideration of one dollar, the said property to one Alonzo Shaney;" that on the same day the said Shaney "attempted to convey said property, to-wit, the two tracts or parcels of land" mentioned "in the bill to the said Finch," in trust for the use and benefit of the children of said Roland W. Finch "upon terms and limitations which are set out in the bill," with full power and authority "to the said Finch" at his discretion to sell, mortgage or dispose of any part or all of said property, freed and discharged of the trust;" and to provide that any purchaser or mortgagee of said property "should not be required to see to the application of the purchase-money or money loaned;" "that at the time of the making of the deeds aforesaid to Alonzo Shaney and by Alonzo Shaney to Roland W. Finch "the latter" was largely indebted and insolvent and had not the means of paying his debts apart from the property so conveyed by him, and the said conveyances were fraudulently made and were made to hinder, delay and defraud "the appellant and the other creditors of said Finch."

The prayer of the bill is that the deeds from Roland W. Finch and wife to Shaney and from Shaney to Roland W. Finch, "purporting to have been made on the second day of June, 1900, and to have conveyed the real estate hereinbefore mentioned may be declared null and void, and may be vacated and annulled;" "and that said real estate may be sold" for the payment of the plaintiff's and other debts.   To this bill Roland

W. Finch and his wife and his children were made parties defendant; and Alonzo Shaney was alleged to be a non-resident and an order of publication was prayed against him.

Roland W. Finch and wife answered the bill denying the indebtedness of the former to the plaintiff; admitting the making of the deeds but denying that they were for a pretended consideration and averring that they "were *bona fide* in all respects." They further denied that Roland W. Finch was insolvent, and averred that he had ample means "for the payment and discharge of all his indebtedness outside of the trust property." They further averred that the proceedings were "fatally defective" for the want of necessary parties.

The Court below heard the case upon the bill, answers and testimony and decreed that the plaintiff's bill be dismissed. This action of that Court is here for review on this appeal and. it must be affirmed. The state of proof appearing in the record precludes the inquiry raised by the issues made in the pleadings respecting the validity of the deeds which are here assailed. The plaintiff put in proof the two conveyances to which the bill made reference as having been made in fraud of creditors. The bill was filed on the 13th of July, 1904; and as has been seen the only parties defendants were the immediate grantee and the *cestui que trust* under those deeds.

It appears from the answer of Finch and wife that they set up as a defense to the bill the want of necessary parties. "If proper parties are not made the defendant may either demur to the bill, or take the objection by way of plea or answer," *Sto. Eq. Plead.*, sec. 75; *Hawkins* v. *Chapman*, 36 Md. 83-98-99. Rule 35 Equity Rules, sec. 176, Art. 16, Code 1904, prescribes the course that may be pursued by the plaintiff where the objection of want of parties has been suggested by the answer of the defendant to have the question thus raised, heard and disposed of before preceeding further; and provides that if the plaintiff does not avail of the right thus prescribed for having such question heard and disposed of "he shall not at the hearing of the cause, if the defendant's objection for ant of parties be then allowed, be entitled, as of course, to

an order for liberty to amend his bill by adding parties; but the Court or Judge thereof may, if it be thought fit, dismiss the bill."

It has been suggested that the objection of want of parties as made in the defendant's answer here is "of no avail" in that "it did not specify by name or description the parties to whom the objection applied." The answer however was not excepted to on the ground mentioned which would have been the appropriate mode of presenting such an objection to it for the consideration of the Court. Appellant having failed to except to the answer or raise the question of its insufficiency in the Court below such question cannot be entertained in this jurisdiction. *Sto. Eq. Plead.*, secs. 864 and 877; *Miller's Eq. Proc.*, sec.. 157; *Nesbit* v. *Dallam*, 7 Gill & John. 494-510; *Salmon* v. *Claggett*, 3 Bland, 123-143; *McKim* v. *Mason*, 2 Md. Ch. 510-513.

Looking now to the defendant's proof they have shown by a deed put in evidence that on the 15th day of April, 1904, which was prior to the filing of the appellant's bill Roland W. Finch as trustee conveyed to one William Bird the property referred to in the appellant's bill as consisting of 34½ acres. There is no allegation in the appellant's bill and nothing in the proofs beyond the deed itself just referred to, having respect to the last named grantee's right in, or title to, the property in question. It merely appears that there is of record a deed which professes to put the title in this grantee. It is manifest therefore that to give to the appellant the relief prayed by his bill and decree that this property be decreed to be sold to pay the alleged indebtedness of Finch to him the Court must by its action affect rights and interests, such as these may be, of parties who are not before the Court to be heard. We need only repeat here what was said in the recent case of *Talbott* v. *Leatherbury*, 92 Md. 166-8-9, "Before a decree to set it (the deed) aside could have properly been passed, the well-settled principles of equity pleading required that all parties having any interest in the property * * * should have been brought before the Court and have had an opportunity

to answer the bill and be heard in their own behalf." See also *Sto. Eq. Plead.*, sec. 76 A. The Court below, for the reasons stated, was therefore right in refusing the relief prayed in the bill in this case as respected the 34 ½ acres.

In regard to the property referred to in the bill as consisting of the 49 acres the defendants offered in evidence a deed from which it appeared that on the 3rd day of February, 1899, this property was conveyed to the appellee Georgella Finch the wife of Roland W. Finch. There is nothing in the proofs to contradict or to explain away or avoid the effect of that deed. It stands upon the record as giving a title to the grantee to this property. A reference to the allegations of the bill makes it appear that this title was acquired by her before the indebtedness of Roland W. Finch to the appellant had accrued or existed. As to the property acquired by her prior to the existence of such indebtedness there is no allegation in the bill and no evidence whatever connecting her with the fraud which the appellant charges and relies upon for relief. The evidence which has been adverted to appears from the documentary proofs making a resort to the parol evidence unnecessary. It would therefore serve no purpose to discuss the exceptions filed to parts of the latter. The decree of the trial Court will be affirmed.

> *Decree affirmed, with costs to the appellee.*