JAMES E. ELLEGOOD et al., Trustees,

*vs.*

WILLIAM E. ROBINSON et al.

*Bills of Exception—Time of Filing—Oral Order—Non-Entry by Clerk.*

Where the bills of exceptions were prepared and submitted in conformity with the rule of the trial court, within the time allowed by an order of extension, the right of appeal was not prejudiced by a subsequent delay in the signing of the bills, owing to their delivery by the judge to the appellee's attorneys for examination.

An oral order extending the time for submitting bills of exception, announced in open court at the close of the trial, is not invalid because not at the time entered on the docket.

When an oral order extending the time for submitting bills of exception, announced in open court at the close of the trial, was not at the time entered on the docket, it was the right and duty of the court to have the omission corrected by a proper entry.

*Decided March 23rd, 1922.*

Appeal from the Circuit Court for Worcester County (Duer, J.).

Action of replevin by William E. Robinson and Alphonso P. Robinson, trading as W. E. Robinson & Company, against William R. Keel. Said Keel having been adjudicated a bankrupt, James E. Ellegood and others, named as his trustees in bankruptcy, intervened. From a judgment for plaintiffs, said trustees appeal. Reversed.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*James E. Ellegood,* with whom was *Leonard Wailes* on the brief, for the appellants.

*Thomas H. Robinson* and *Edward M. Hammond,* for the appellees.

URNER, J., delivered the opinion of the Court.

There is a motion to dismiss the appeal in this case. The ground of the motion is that the bills of exception were not submitted or signed within the time limited by the rule of the trial court, and that no order of extension was passed during that period.

By the rules of the Circuit Court for Worcester County, where the case was tried, it is provided that "unless otherwise expressly allowed by the court, the bill of exceptions shall be prepared and submitted to the court within twenty days from the rendition of the verdict." The record shows that the verdict was rendered on April 5th, 1921, that on May 13th an order of court was filed granting leave to the appellants to file bills of exception by July 1st, that they were filed, unsigned by the court, on June 30th, and that, as signed by the court, they were refiled on August 11th. It has been certified by JUDGE DUER, who presided at the trial, that, upon its conclusion on April 5th, he ordered in open court, on application of the appellants, that leave be allowed them to submit the bills of exception by July 1st, and that, the clerk having omitted to enter the order on the docket, a subsequent order in writing was passed directing him to make a docket entry of the extension as of the date when it was in fact granted. We are further informed by JUDGE DUER's certificate that the bills of exception were delivered to him on June 30th, and would have been signed by him at that time but for his desire to submit them to the attorneys for the appellees, and that having so delivered them for examination he received them again after several weeks with suggestions of certain changes, which were made, and that, in accordance with the practice of the court, the bills of exceptions

were then signed as of the date when they were originally
filed, which was within the time previously allowed.

The transcript of the record reached this Court within
three months after the appeal was entered, and our rule limit-
ing the time of transmission was therefore duly observed. As
the bills of exceptions were "prepared and submitted" in con-
formity with the rule of the trial court, within the time al-
lowed by the order of extension, the right of appeal was not
prejudiced by the subsequent delay in the signing of the bills
under the circumstances described by the trial judge in his
certificate. *Snowden* v. *State,* 133 Md. 624.

It is argued, however, that there was no effective extension
of time to July 1st for the preparation and submission of the
bills of exception, because no order in writing was passed
by the court before the expiration of the twenty-day period
prescribed by its rule. The oral order to that end, announced
in open court at the close of the trial, but not entered on
the docket, is said to be insufficient to accomplish the desired
extension. There can be no question ordinarily as to the
efficiency of an order passed in open court. If the order
applied for and granted in this case is to be refused recogni-
tion, we should have to base that conclusion merely on the
ground that the clerk failed at the time to enter it of record.
The validity of the order, and the right of appeal, cannot be
denied because of such an inadvertence. The omission has
since been remedied by a proper docket entry, made by direc-
tion of the court, showing the real fact and time of its order.
It was clearly the right and duty of the court to have the
docket entries thus corrected and made complete. *Dutton* v.
*State,* 123 Md. 373; *Koch* v. *Wimbrow,* 111 Md. 21; *Hays* v.
*P., W. & B. R. Co.,* 99 Md. 413. It has been decided that "if
an appeal is prayed in open court, and the clerk neglects to
note it, the court will, on motion, order the record to be
amended, so as to speak the truth." *Miller* v. *Murray,* 71
Md. 64; *Humphreys* v. *Slemons,* 78 Md. 606. An order ex-
tending time for the submission of bills of exception is enti-

tled to an equal measure of protection from the consequences of clerical errors or omissions. The motion to dismiss the appeal is overruled.

This case is governed by the decision just rendered, (ante p. 37), on another appeal to which the present appellants and appellees are also parties. Both cases involve the question as to the right of the appellees to recover by replevin, under an unrecorded lien and conditional sale contract, the possession of merchandise claimed by the appellants as trustees in bankruptcy of the other party to the agreement. The material facts of this case bring it directly within the effect of the ruling on the other appeal, and the exceptions in both records are substantially the same as to the question of the trustees' right of possession as against the appellees, which is the controlling issue on the present record. It appears that the value of the goods replevied in this instance was $6,436.-87. For the reasons stated in the opinion just filed, the judgment here appealed from will also be reversed, and a judgment entered in accordance with the rights of the parties as determined on the essential and undisputed facts.

> *Judgment reversed, with costs, and judgment entered in favor of the appellants for the return of the goods replevied or $6,436.87 as their value.*