## JOSEPH H. BILBREY *v.* JOHN S. STRAHORN.

*Resale Under Mortgage—Assignee as Court's Agent—Payment
for Postponement—Purchaser Liability for
Interest—Appeal.*

In the case of a resale, at the purchaser's risk, ordered by
the court under Code, art. 16, sec. 239, of property, the pre-
vious sale of which under the power in a mortgage was reported
to the court for ratification and distribution of the proceeds
under Code, art. 66, sec. 9, the court is the vendor on the resale,
and an assignee of the mortgage, ordered to make the resale, is
the agent or trustee of the court.                    pp. 494-496

A trustee or agent selling for the court as vendor has no
power to exact consideration for postponement of the sale, and
he cannot hold any consideration paid therefor, as against a
claim for its return.                                      p. 495

Where, at a sale under the power in a mortgage, the property
was bought for the benefit of the mortgagor, then in possession,
so that there was no question of the purchaser's deprivation of
possession, the purchaser was properly charged with interest
on the purchase price, as a condition to the postponement of a
resale ordered at the purchaser's risk, in so far as such interest
was to be paid to lien creditors and not to the mortgagor.

                                                          p. 496

The statute does not require the filing of a bond, and affidavit
that the appeal is not taken for delay, as essentials to an appeal.

                                                          p. 497

A purchaser at a sale under the power in a mortgage, who,
after the court has ordered a resale at his risk, obtains a post-
ponement of the resale by a payment to an assignee of the mort-
gage, who exercised the power, has such an interest in obtaining
a refund of the payment as to be entitled to appeal from an
order overruling his exceptions to an account distributing the
proceeds of sale, which ignored his claim to such refund.  p. 497

*Decided July 9th, 1927.*

Appeal from the Circuit Court for Anne Arundel County, In Equity (MOSS, J.).

Proceeding by John S. Strahorn, assignee, against Mary W. F. Speers to foreclose a mortgage. From an order overruling his exceptions to an account distributing the proceeds of sale, Joseph H. Bilbrey, the purchaser at such sale, appeals. Motion to dismiss appeal overruled, and order reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Britain Winter,* with whom was *Edward A. Strauff* on the brief, for the appellant.

*John S. Strahorn,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellant is the purchaser of record of mortgaged property at a foreclosure sale made by an assignee of the mortgage for foreclosure under a power contained in it; and he has excepted to the ratification of the auditor's account of distribution of the purchase money because, as he contends, he was improperly required to pay the assignee certain additional amounts in order to obtain a postponement of a resale which had been ordered and advertised, and a repayment of those amounts should be required in this proceeding and should be shown in this account. The trial court overruled the exceptions, and the appeal is from that action.

The mortgage was made by a Miss Mary W. F. Speers, on property in Anne Arundel County, and according to the finding of the court at a previous stage of the proceedings, on her exceptions to the sale, and a statement by the appellant in a letter in the present record, it was bought in for her by him. Testimony on his behalf shows that, shortly before the time fixed for the resale, the purchaser's rights were transferred to a corporation, the Atlas Realty Company; but its name was not substituted in the report of sale.

The purchase price at the original sale was $13,625; and Miss Speers excepted to the ratification of the sale, her exceptions were overruled, and she appealed to this Court, but the appeal was dismissed without hearing. The purchaser was unable to pay the money to complete the purchase, and later, upon petition of the assignee to the court, a resale was ordered and was advertised for December 30th, 1924. Shortly before that date, attorneys applied to the assignee for a substitution of the Atlas Realty Company as purchaser, and for a postponement of the resale to give them a further opportunity to complete the first sale. The name of the corporation was not substituted, but arrangements for a postponement of the resale went forward, and the assignee furnished the attorneys a statement of certain expenses incurred, and of demands for payments for services in connection with the proceedings, and it was arranged, subject to the confirmation of the mortgagee, that upon a total payment of $5,000 the resale should be postponed. The mortgagee agreed to the postponement upon condition that interest be paid on the purchase price during the delay caused by Miss Speers' exceptions. Appellant's counsel reached the place of sale with the $5,000 only a few minutes before the time fixed for resale, and after some discussion paid the money and took two receipts for it; and the resale was postponed for eleven days. One receipt acknowledged payment of the total of $626, made up of auctioneer's fees and advertising expenses for the resale, and amounts for expenses on the first sale, and amounts for the assignee and attorney, Mr. Strahorn, of $169.50 for one-half of commissions on the second sale, $250 as fee for services in the litigation on Miss Speers' exceptions, and for services in connection with the resale, $50, or one-half of the fee specified in the mortgage. The second receipt was for $4,374, or the remainder of the sum of $5,000 paid on account of purchase price and interest. The appellant's testimony is that his attorneys agreed to pay the items amounting to $626 and the interest under protest, and under duress, because of their need of the postponement of the sale, which was obtainable only on making those payments. The

testimony for the appellee denies that there was any protest or disagreement. There was no provision in the mortgage for the payment of expenses on a sale which was advertised but not completed, and this fact, the appellee says, moved him to seek to cover some of the items, at least, by agreement before stopping the resale. The appellant later paid the remainder of the full purchase price and interest, as demanded, that is, paid the full purchase price over and above the interest and $626 demanded, and also paid a final extra amount of $14 for stamps which he contends was likewise paid under protest; and the first sale was completed. It is to the account distributing that full purchase price and interest that the exceptions are now filed.

The exceptant also filed a petition separately praying for an order for a refund of the amounts claimed, but no action appears to have been taken on the petition, the only order passed having been that overruling the exceptions, and the present appeal being solely from the overruling of exceptions to the auditor's account.

The trial court concluded that, as the account was one for the distribution of purchase money only, and the purchaser was not concerned in that distribution and made no objection to it, except in so far as he objected to the charge of interest distributed, he could not have such relief as he prayed, by way of exceptions to that account. Whether his claim for a refund of amounts collected other than interest was well founded the trial court did not decide. The majority of this Court have come to the conclusion that the appellant had a well-founded claim for these amounts, and that a refunding should have been ordered and an account of it stated in combination with the account of the distribution of the purchase money. Judge Adkins and the writer of the opinion for the Court have not shared in the conclusion.

In the opinion of the majority of the judges two principles which lead to this conclusion have been overlooked. The first sale had been duly reported to the circuit court for ratification and for distribution of the proceeds, under section 9, of article 66, of the Code, and it is provided by that

statute that after a report of a foreclosure sale under a power "there shall be the same proceedings on such report as if the same were made by a trustee under a decree of said court." And this Court in *Palapsco Guano Co. v. Elder,* 53 Md. 463, said: "The object of this provision of the Code was to confer upon courts the same jurisdiction, and to direct that the same proceedings should be had in sales made under a power in a mortgage, as if such sales had been made under a decree of the court." *Beelem v. Garrison,* 129 Md. 664, 672. The Court is of opinion that, under this provision, all proceedings after the report of sale are proceedings by and under the authority of the court, so that in a resale the court becomes the vendor and the assignee ordered to make the resale becomes the agent or trustee of the court executing its orders. And in this connection, it is pointed out that section 239 of article 16 of the Code, under which the Court understands the resale to have been prayed for and ordered at the risk of the first purchaser, provides that the court "may direct the property purchased to be resold, at the risk of such purchaser, upon such terms as the court may direct." This latter section refers in words only to sales by trustees appointed by the court in the first instance, but it has been held to apply to sales under powers as well. *Middendorf v. Baltimore Refrigerating Co.,* 117 Md. 17, 24. The petition and order for the resale in this case have not been included in the record prepared for the appeal, but from references made to that part of the proceedings it appears that the assignee invoked the authority given to the court by that section to order a resale at the risk of the purchaser at the first sale, and to order that purchaser to pay any deficiency in the amount brought if the second purchase price should be below the first.

A trustee or agent selling for the court as vendor has no power to exact consideration for postponement of the sale, and he would not be entitled to hold any consideration paid for it. *Ward v. Hollins,* 14 Md. 158, 166. And see *Ex parte James,* L. R. 9 Ch. 609; *In re Thellusson* (1919) 2 K. B. 735. And from the view that, in proceeding with the resale

ordered in this instance, the appellee was acting as such a trustee or agent of the court, it is concluded that he had no power to charge the amounts collected from the appellant, and is obliged to refund them.

As to the interest payment exacted, the purchaser is regularly required to pay interest on deferred payments when the sale is upon credit, and this case seems to come within no proper exception to that rule. The appellant refers to the exception made when a mortgagor has continued to hold the property after the sale and thus kept the purchaser out. The mortgagor in such a case is not permitted to receive the interest on the purchase money as well as to enjoy possession of the property bought. "If the sale, instead of being for cash, had been on credit, and the defendant had refused to give the purchaser possession, until coerced by the authority of the court, it is supposed to be very clear that the purchaser could not be made to pay interest for the time he was deprived of the possession, for the benefit of the defendant. No opinion is meant to be expressed with regard to the obligations of the purchaser, under such circumstances, to pay interest, so far as creditors are concerned, but if the principal proceeds of sale should be sufficient for their payment, the defendant, refusing to surrender the possession of the property, would never be allowed to claim interest as against the purchaser." *Barnum v. Raborg,* 2 Md. Ch. 515, 533; *Miller, Equity Proc.,* sec. 514. But here the property was bought by the reported purchaser for the benefit of the mortgagor in possession, so that there is no question of depriving the purchaser of possession; and, furthermore, all of the interest exacted is, under the account, to be paid to lien creditors, and there is no question of giving the mortgagor the interest for the time she was in possession. The exception to the rule does not include this case and interest was properly added to the purchase money.

The appellee has filed a motion to dismiss the appeal because of the appellant's failure to file an appeal bond with an affidavit that the appeal is not taken for delay, under sections 57 and 58 of article 5 of the Code, and because of

lack of interest in the appellant in the auditor's account, and lack of finalty in the order overruling the exceptions. To this it is sufficient to say that the statute does not require the filing of the bond and affidavit as essentials to an appeal (*Humphreys v. Slemons,* 78 Md. 606, 608). The appellant, as the purchaser who made the payments complained of, is decidedly interested in the demand he makes for a refund, even though he is found to have no right to the remedy pursued, and his exceptions were finally overruled.

> *Motion to dismiss appeal overruled, and order reversed and case remanded for further proceedings in accordance with this opinion, with costs to the appellant.*

Adkins, J., filed the following dissenting opinion:

While I do not understand that the majority of the court agree that is so, it seems to me that the full purport of their decision must be that, whenever a second sale is found necessary upon any one of the possible grounds of exception to a sale, after report of foreclosure under a power, it must be made by the court as vendor, and no longer under the power of sale with its ordinary incidents, upon which the proceeding started and has been based up to that time. For either the resale is made under the power, with all the freedom which derivation from that source gives, or it is made by the court with no freedom in its selling agent or trustee except such as is given by orders of court. There is no middle ground. The sale is made by the court or is not made by the court as vendor. And it is only when a sale is made by the court as vendor that the selling agent would be restricted as the assignee is found to have been in this case. I do not see that this transformation of the proceeding necessarily follows from the mere fact that, when such a sale is reported for the usual ratification and distribution of the purchase money, the court must proceed just as it does in winding up

the results of sale made by itself under a decree for sale. There is nothing in the statute which says that its jurisdiction for ratification and distribution so shifts the proceeding to a new foundation, or is anything more than the orderly consummation of the proceeding under the power. And there is nothing in the mere fact that the court takes jurisdiction in the course of the proceeding for foreclosure, which necessitates its taking entire charge of the foreclosure, to the extent of denying any right to continue in the full exercise of the power if found necessary or desirable. The order for resale is not included in the record in this case, but from the fact that the resale was advertised by the appellee as assignee under the power, it would appear that it was ordered to be so made. Suppose the first sale should be set aside because it was found that the terms of the power had not been exactly complied with, must the court of equity still take over the selling and foreclosure itself in order to have the terms complied with? Or, with the sale converted into one by the court as vendor, may it disregard any terms attached to the power from that time on? I do not see sufficient reason for holding that the court must, whether the facts of a particular case seem to require it or not, compel a mortgagee to forego the exercise of the power of sale given him by the mortgage.

The rule seems to be that a court of equity may take jurisdiction of a foreclosure for such purpose as the substitution of a trustee for foreclosure, without detracting from the right to the exercise of the power. *Jones on Mortgages,* sec. 1775, says: "The sale is by virtue of the power and not of the decree when the court enforces the power. Upon the death of the trustee named in the deed of trust, a court of equity has power to appoint a new trustee to execute the power of sale, and to determine the amount of debt secured by the trust; but a sale by such trustee professedly by virtue of the trust deed made in pursuance of such decree, is not a sale made under a decree of foreclosure, but one made by virtue of the power in the trust deed." And there seems to be no more reason for regarding the foreclosure as shifted to a new foun-

dation, just because the court has charge of ratification of the sale, and distribution in ordinary course.

Section 10 of article 66 of the Code, the next section following that from which the majority infers that a second sale must be made by the court after a first one reported has failed, provides that "if such sale be set aside by the court, a resale may be ordered to be made by the party who made the previous sale, or the court may, if justice requires it, appoint a trustee to sell the same." And this seems to contemplate a resale under the power if the court does not find it unjust to do so.

In *Reeside v. Peter,* 35 Md. 220, 222, this Court held that, after a sale under a power had been reported to the court and set aside, the trustee named in the power could make the resale under the power without any order of court at all. "It would certainly be a safer and better practice to obtain such order," said Chief Judge Bartol, "but the resale would not be invalid without it, nor is the want of it a good ground for setting the sale aside, if it be fairly made and free from objection on other accounts. The power to sell in this case is not derived from the court, but from the deed, and as it may be exercised in the first instance, and the property sold without the court's order, so may it be resold without such order, where the first sale has been set aside." And here we seem to have a clear decision that the court could order a sale under the power, as well as under a decree. Judge Bartol says it would be a safer and better practice to obtain the order which in the present case is found, in effect, as I see it, not permissible or feasible, once the foreclosure under the power is brought into the court for ratification.

The conclusion of the majority would, as I see it, logically deprive a mortgagee of the right, after a resale has been ordered, to enter into a contract with the mortgagor, looking to the avoidance of a second sale, without permission of the court. But it was held in *Stralmann v. Haile,* 142 Md. 32, that a mortgagee could, without an order of court, dismiss the proceedings, after the setting aside of a sale under a power and after an order for a resale, without losing the right, subsequently, to sell under the power.

The trial judge would seem to be right in his conclusion that the claims of the exceptant for repayment did not involve any objections to the account distributing the purchase money, unless it be to the item of interest charged and distributed in that account. The accounting was one between the mortgagor and the mortgagee, and was, as this Court said in *Boteler v. Beall,* 7 G. & J. 389, 397, "a matter in which the purchaser has no interest and unless for some special reason he be made so, * * * is no party." In *Hadaway v. Hynson,* 89 Md. 305, 314, the Court said, "The sale having been ratified, the court has now jurisdiction to distribute the proceeds of sale according to the principles of equity, but it has no authority to entertain and decide issues not relating to the mortgage debt, and not arising between parties to that instrument or their assignees." In the case at bar, the claims presented by the appellant's exceptions had nothing to do with the mortgage debt or the proceeds of sale being distributed, and raised no objections to that distribution, unless the demand for a refund of the interest paid be considered as an objection to the distribution of that item. The amount was distributed to the mortgagee and creditors intervening, there being insufficient assets for payment of all the creditors. There would seem to be an entire absence of objection to the account now excepted to, and no apparent reason for not ratifying it, and then letting the appellant proceed with his own claims separately, as the trial court left him to do.

It appears from the record that, in entering into the agreement with the purchaser, Strahorn was not acting as an officer of the court, but as agent of the mortgagor, who, in my opinion, had the right, as a consideration for stopping the resale, to exact from the purchaser an agreement on his part to assume the burden of fees, which otherwise the mortgagee would have been liable for to Strahorn for services which the mortgagee had been required to engage by reason of the obstacle interposed by the purchaser.

Chief Judge Bond authorizes me to say that he himself concurs in these views.