**In re William Phillip EDWARDS, Debtor.**

**ICM MORTGAGE CORPORATION, Movant,**

v.

**William Phillip EDWARDS, Thomas L. Lackey, Trustee, Respondent.**

**Bankruptcy No. 86–A–1069.**

**Motion No. 86–M–0560A.**

United States Bankruptcy Court, D. Maryland, at Rockville.

July 2, 1986.

Steven Henne, Silver Spring, Md., for movant, ICM Mortg. Corp.

Winifred Cannon, for debtor.

Thomas Lackey, Chapter 13 trustee.

### MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court on the motion of the ICM Mortgage Corporation filed against William Phillip Edwards, debtor, seeking relief from the stay of § 362(a) to permit it to proceed to ratification of the foreclosure sale held May 6, 1986, at 10:40 a.m. The sale was consummated prior to debtor's filing of his Chapter 13 case on May 6, 1986, at 11:42 a.m.[1] Debtor urges the court to reconsider its holdings in the cases of *In re Wallace*, 31 B.R. 64 (BC Md.1983), and *In re Shirley*, 30 B.R. 195 (BC Md.1983). *See also, In re Nimai Ku-*

---

1. Debtor had the ability to avoid this conflict by filing the petition at the time that the bankruptcy court clerk's office opened and by giving notice prior to the start of the sale to the parties in attendance. It is a mystery to the court why debtor did not do so insofar as the papers necessary to file the Chapter 13 petition had been completed on May 5, 1986.

mar *Ghosh,* 38 B.R. 600, 603 (BC E.D.N.Y. 1984).

For reasons which have been set forth in the *Wallace* and *Shirley* cases, the court finds that with the completion of the auction sale, the mortgagor was divested of all rights of redemption remaining in him at the time of the sale. The sale foreclosed the mortgage.[2] With the extinguishment of the rights of the debtor by foreclosure, his filing of a Chapter 13 proceeding did not cause the reinstatement of the foreclosed mortgage.[3]

■■■■ In opposition to the motion, debtor relies upon the case of *In re Hurlock,* 23 F.2d 500 (D.Md.1928). That reliance is misplaced, for *Hurlock* does not support the position espoused by debtor. The bankruptcy law in effect in 1928 provided a scheme wherein the jurisdiction of the state court and the bankruptcy court in matters of foreclosure was concurrent. Therefore, on principles of comity, the bankruptcy court would not interfere with the jurisdiction of the state court when judicial foreclosure had been commenced in state court before filing of the petition in bankruptcy. *See also Straton v. New,* 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1930). However, the Bankruptcy Reform Act of 1978 and the Bankruptcy Amendments and Federal Judgeship Act of 1984 granted the bankruptcy courts (now, as a derivative of the grant to district courts) exclusive jurisdiction over property of the debtor. *See* former 28 U.S.C. § 1471(e); 28 U.S.C. § 1334(d). This broad grant of jurisdiction was accompanied by a broadened stay of actions against the debtor and its property. *See* 11 U.S.C. § 362(a). Nevertheless, the operation of a deed of trust and its validity are a matter of state law. *Haas v. Rendle-*

*man,* 62 F.2d 701 (4th Cir.), *cert. denied* 289 U.S. 750, 53 S.Ct. 695, 77 L.Ed. 1495 (1933). Sound policy decisions underlie adherence to Maryland law regarding the irreversibility of a foreclosure once the auctioneer's hammer has fallen, subject to objections as to irregularity in the conduct of the sale as well as any question as to the validity of the mortgage. If the rule were otherwise and the debtor in the present case were to prevail, every foreclosing creditor would face the likelihood of a bankruptcy filing even after the creditor had noticed, advertised, completed the sale, filed the report of sale, and published an order *nisi.* Only after completing all of the requirements of Maryland Rules of Procedure W74 and BR6 (1986), obtaining the final order of ratification, and resolving all appeals therefrom would the creditor be free from bankruptcy intervention. Any would-be purchaser at a sale could look forward to many months where it would have all the risks of ownership, none of the benefits, and a possibility of never taking possession. Because of such delay and the fact that resale could be at the risk of a defaulting purchaser (*see Bilbrey v. Strahorn,* 153 Md. 491, 138 A. 343 (Md.1927), Md.Rules of Procedure BR6(c) (1986)), serious damage could be caused to the property in the interval, to the detriment of the buyer at the public sale.

The court concludes that if the debtor's position were upheld, no cautious individual would purchase at foreclosure because of the risk of an inordinate delay caused by the interdiction bankruptcy. This in turn would cause a chilling of foreclosure sales and the impairment of the ability to realize upon mortgage security.

**2.** For these purposes, Maryland treats mortgages and deeds of trust identically. *Burroughs v. Garner,* 43 Md.App. 302, 405 A.2d 301, 303 (Md. Ct.Spec.App.1979); *Md. Law Encl.,* Mortgages § 4; *Md. Real Prop. Code Ann.,* 7–104 (1981 Repl.Vol.).

**3.** In examining the file, the court notes that the purchase money deed of trust was given by the debtor and Nadine G. Edwards. As shown on debtor's schedules, he is married to Nadine Ed-

wards. When one of two tenants by the entirety files a bankruptcy petition, a creditor against such property is unable to realize on its security for past due debts. For that reason, in a long line of cases in the Fourth Circuit, the stay has been modified to permit the creditor to proceed against the entireties property. *See Sovran Bank, N.A. v. Anderson,* 743 F.2d 223–25 (4th Cir.1984), and *Phillips v. Krakower,* 46 F.2d 764, 765–66 (4th Cir.1931).

An order will be entered in accordance with the foregoing, terminating the stay to permit the conclusion of foreclosure proceedings identified as Civil Action No. 14160, docketed in the Circuit Court for Montgomery County, Maryland.