DIXON ET AL.
vs.            } September Term, 1848.
DIXON ET AL.

[CHANCERY PRACTICE—LIMITATIONS.]

WHERE a claim has been submitted to, and adjudicated upon, by the court, and finally rejected, through the negligence of its owner, he will not be allowed to re-open the judgment of the court, and ask for and obtain a re-hearing upon additional proof.

But, where no adjudication has been had upon the claim, and the fund for distribution remains in court, equity requires that the new proof should be considered, and if found sufficient to remove the objection to it, the claim should be allowed.

When funds are in this court for distribution among creditors and the Auditor reports, that certain claims have not been proved, or objections for want of proof, made to their allowance by parties interested, the case is again referred to the Auditor, with directions to state a final account, from which all claims not then sufficiently proved, are to be excluded, and leave is given to supply the proof upon such terms, as to notices, as may be deemed reasonable.   Upon the coming in of the report of the Auditor, made pursuant to the order, and after the usual time given for filing exceptions, the report may be submitted for ratification, and when ratified, all parties are concluded, and the litigation is terminated.

This is the general rule ; but, there may be cases in which it would and ought to be relaxed, when the party seeking relief can show himself free from blame or negligence.

When limitations are relied upon, the defence avails only in favor of the parties who set it up.

[This was a creditor's suit, and the Auditor's report, with the statement of claims, having been set down for hearing on

exceptions, the demand for full proof, and the plea of limita-
tions, an order was passed sustaining the plea of limitations as
to some claims, and settling other points, and referring the
case again to the Auditor, to state an account from which were
to be rejected all claims not then (the time of the audit) fully
proved, and in which the plea of limitations was to be allowed
against all claims liable to its operation, in favor of the parties
pleading or relying upon the statute.   From the account stated
in conformity with this order, claims Nos. 11, 62 and 63, were
rejected for want of full proof, which had been demanded of
them, and certain other claims, by the owner of claims Nos.
12 and 30.

Before the confirmation of the Auditor's report, the owners
of said claims filed their petitions, for leave to furnish full proof,
which were set down for hearing on the 7th October, 1848,
with liberty to take the necessary testimony by that day.   The
proof was taken and filed, and the question argued, was,
whether these claims should, at so late a day, be admitted to
participate in the distribution of the funds, which were insuffi-
cient to pay all the claims in full :]

THE CHANCELLOR :

The claims in question, have never yet been submitted to,
and adjudicated upon by, the court.   If they had, and had been
finally rejected, through the negligence of their owners, the
case would be brought within the decision of the Court of
Appeals, in *Kent* vs. *O'Hara*, 7 *Gill & Johns.*, 212, and the
parties must take the consequences.   It would not only be in-
convenient, but mischievous, to delay and embarrass the claims
of vigilant creditors, and procrastinate the final settlement of
estates, if parties were allowed, after full notice and opportunity
to establish their claims, to re-open the judgment of the court
pronounced against them, and ask for and obtain a re-hearing
upon additional proof.

But when, as in this case, no adjudication of the court
stands in the way, and the fund for distribution remains un-
disposed of, it seems to me, that equity requires, that the new

proof should be considered, and if found sufficient to remove the objection, the parties should be allowed to come in for their fair proportion of the estate of their debtor.

The general rule I understand to be this:

When funds are in this court for distribution among creditors, and the Auditor reports, that certain claims have not been proved, or parties interested object to their allowance for want of proof, the case is referred again to the Auditor, with directions to state a final account, from which all claims not then sufficiently proved, are to be excluded, and leave is given to supply the proof, upon such terms, as to notice, as may be deemed reasonable. Upon the coming in of the report of the Auditor, made pursuant to the order, and after the usual time given for filing exceptions, the report may be submitted for ratification, and when ratified, all parties are concluded, and the litigation is terminated.

This, I say, is the general rule, but as the Court of Appeals say, in Kent vs. O'Hara, there may be cases in which it would and ought to be relaxed, as there are cases in which new trials are granted at law, upon the production of new proof, when the party applying for it can show himself free from blame or negligence in not bringing it forward earlier.

And even in the interval between the final report of the Auditor, made under the directions of the court, and its ratification, it is not of course that parties are entitled to offer further evidence in support of their claims, when they have already had an opportunity to establish them, and have neglected to do so. But the circumstances necessary to entitle them to this indulgence in the latter case, need not be so strong, as where the report of the Auditor has been ratified by the Chancellor, for then it is *res adjudicata*, and though the fund may yet be under the control of the court, the party asking for a re-hearing, must come armed with circumstances sufficiently strong to acquit him of the blame apparently imputable to him, for not offering his proof at an earlier stage of the cause.

But in this case, as before stated, the claims now under consideration have not been adjudicated upon, and, I am of opinion, the facts disclosed in the petition of the owners of claim

No. 11, are sufficient to entitle them to the benefit of the proof since taken; and as the case must go again to the Auditor, it seems but equitable that the proof taken in support of claims, numbered 62 and 63, should also be let in, as well as the proof in support of any other claim, which may have been rejected under similar circumstances. The defence of limitations to avail, however, as before ordered, in favor of the parties who have relied upon the statute.

[No appeal from this decree.]

[*Note by the Reporter.*—The following is the form of the order passed upon the filing of the Auditor's first report in a creditor's suit, where objections have been taken by the parties or any of the creditors. When limitations are relied upon, the objection avails only in favor of the party setting it up. When full proof is demanded, the objection is understood to go to the whole claim, and must be met by the same proof that would be required if the claimant or party had filed an original bill; though it will be seen, that the order provides a summary way of taking it.

"*Ordered*, That the exceptions to the Auditor's report filed in this cause, stand for hearing on the          next; and, that any creditor of the deceased, whose claim is stated, or noticed in the Auditor's report, and, also, any of the parties to this suit, be, and they are hereby, severally authorized to take the depositions of any witnesses in relation to such claims, before any justice of the peace; provided, that three days notice be given, as usual, by the creditor in whose behalf the testimony is proposed to be taken, to some two or three other creditors, or one or more of the parties or their solicitor; or, by one or more of the parties in whose behalf the testimony is proposed to be taken, to some two or more of the creditors, or to their solicitor. But the creditor against whose claim the testimony, when taken, is intended particularly to *operate*, must himself, or his solicitor, be notified. And, depositions so taken, subject to all legal exceptions, may be read in evidence in the cause; provided, they are filed in the chancery office, on or before the          next.]