(Decided 30th March, 1880.)

THE PATAPSCO GUANO COMPANY OF BALTIMORE *vs.* A. ALEXANDER ELDER, Assignee, and others.

*Practice in Equity—Exceptions to Ratification of a Sale of Mortgaged Premises.*

Mortgaged premises were sold by the assignee of the mortgagee, and the sale reported. Exceptions were filed to the ratification of the sale by a corporation, on the ground that it had obtained a judgment against the mortgagor, and had filed a bill in equity to set aside the mortgage, under which the property was sold, as fraudulent, and that the assignee, and others in interest, had been summoned in the suit, and that pending it, the mortgaged premises were sold. HELD:

That the corporation could not come in and object to the ratification of the sale on such grounds; and that its rights, as a creditor of the mortgagor, would not be affected by the sale, should the mortgage be declared fraudulent in the pending suit.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J., for the appellees, and submitted for the appellant.

*John J. Yellott,* for the appellant.

*John Grason* and *John T. Ensor,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The mortgaged premises in this case, were sold by the appellee, Elder, as assignee of the mortgagee, and the sale reported to the Court.

To the ratification of the sale, exceptions were filed by the appellant, on the ground that the exceptant had obtained a judgment against one of the mortgagors, and had filed a bill in the Circuit Court of Baltimore County, to set aside the mortgage under which the property was sold, as fraudulent; that the appellee, Elder, and other parties in interest, had been summoned in said suit, and that pending the same, the mortgaged premises were sold.

The appellant is not a party to the mortgage, and it is admitted, that its rights as a creditor of the mortgagors are in no manner affected by the sale. Should the mortgage be declared fraudulent, in the suit. pending in the Circuit Court, the sale made by the appellee, could not affect in the least the appellant's rights under the decree.

In support, however, of the exceptions filed in this case, the exceptant relies on sec. 8, Art. 64, of the Code, which provides that all sales made under a power in a mortgage shall be reported to the Court, and there shall be the same proceedings in such sales, as if the same were made by a trustee, and the Court shall have the power to hear and determine any objections which may be filed against such sales, by any person interested in the property.

Pataps. Guano Co. *vs.* Elder, *et al.*

The object of this provision of the Code, was to confer upon Courts the same jurisdiction, and to direct that the same proceedings should be had in sales made under a power in a mortgage, as if such sales had been made under a decree of the Court. Parties in interest, may of course come in, and object to the ratification of the sale, but such objections must be as to the mode and manner of the sale, and not to the proceedings under which the property was sold.

A party has no right to except to the ratification of a sale, on the ground that the mortgage or debt upon which the decree was passed was fraudulent.

Courts have no power under exceptions to a sale, to hear and decide upon the merits of a *bill of equity.* As between the parties to the suit, the decree is conclusive as to the matter, and as to strangers, not parties to the suit, it can in no manner affect their rights.

Whether the mortgage under which this property was sold was in fact fraudulent or not, is an inquiry which could not be heard and decided in this collateral way.

For these reasons the decree below will be affirmed.

*Decree affirmed.*

(Decided 31st March, 1880.)