# MARYLAND REPORTS.

## JANUARY TERM, A. D., 1891.

### EDWARD J. ROBERTS *vs.* THE LOYOLA PERPETUAL BUILDING ASSOCIATION OF BALTIMORE CITY.

*Mortgages—Sale of Mortgaged premises—Notice—Jurisdiction—Exceptions—Tender.*

Certain mortgages provided that the sale of the mortgaged premises should be made in accordance with the provisions of Article 66 of the Code of Public General Laws. (Code of 1888.) Section eight of said Article requires that when a sale is made under a mortgage, the advertisement shall be inserted "in some newspaper printed in the county where the mortgaged premises lie," and section fifteen enacts that the sale shall take place in the county where the land is situated. Section 702 of Article 4 of the Public Local Laws, which, by section 11 of the Act of 1888, ch. 98, extending the city limits, was made applicable to the territory of Baltimore County brought within the city, makes Article 66 of the Code applicable to Baltimore City. When the mortgages were executed the mortgaged property was within the outlines of Baltimore County. Subsequently, by the Act of 1888, ch. 98, the property was brought within the limits of Baltimore City. HELD:

That notice of a sale of the mortgaged premises subsequent to said Act, was properly published in the City of Baltimore, and the Circuit Court of Baltimore City had jurisdiction to confirm the sale.

Exceptions to a mortgage sale, though verified by the affidavit of the exceptant, and not denied by an answer, will be overruled, where no evidence is produced to sustain them.

1               v. 74.

Roberts *vs.* Loyola Perpetual Building Association.

A tender by the mortgagor, before the sale is made, of the amount
due and in arrear under the mortgage, together with the expenses
incurred by the mortgagee in and about the advertisement of the
property, is not sufficient to prevent foreclosure, where other
covenants in the mortgage have been broken by the mortgagor.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER,
ROBINSON, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*S. S. Field,* for the appellant.

*Alfred D. Bernard,* and *Richard Bernard,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The appellant executed and delivered to the appellee
four mortgages, each conveying a separate parcel of
property then lying within the outlines of Baltimore
County. Each mortgage contained a consent to a sale
under the provisions of Article 64 of the Code of Public
General Laws of 1860, (now Art. 66 of the Code of 1888,)
upon the mortgagor failing to perform any of the mort-
gage covenants, and continuing in default for three suc-
cessive months. The mortgages provided that the sale
should "be made in accordance with said provisions by
Richard Bernard, the attorney of said mortgagee," &c.
The first of these mortgages bears date in 1886 and the
others in 1887. By the *Act of* 1888, *ch.* 98, the limits
of Baltimore City were extended so as to embrace parts
of Baltimore County, and the property covered by the
mortgages referred to was thus brought within the new
outlines of the city. In June, 1890, a default which
authorized an execution of the power of sale having

Roberts *vs.* Loyola Perpetual Building Association.

occurred, the attorney named in the mortgages filed a bond in the Circuit Court of Baltimore City, as required by *sec.* 7 *of Art.* 66 of the Code, and then advertised for more than twenty days in two daily papers of the city, and not otherwise, the sale of the four parcels of mortgaged property. After the sales were reported, the mortgagor filed exceptions to their ratification. These exceptions were overruled and the sales were ratified. From that order this appeal has been taken.

The exceptions deny that the Circuit Court of Baltimore City, had jurisdiction over the property, and attack the validity of the sales on the ground that due notice by advertisement had not been given. In addition to these exceptions, it was further objected as to the sale of two of the parcels of property that the mortgagor was not in default at the time of the sale, and that before the sale he had tendered to the attorney of the mortgagee a sum sufficient to pay all arrears upon said lots, and the expenses then incurred, and was ready and willing to perform all the conditions and covenants contained in the mortgages upon those two lots.

By *sec.* 8 *of Art.* 66 of the Code (*sec.* 7 *of Art.* 64 of the Code of 1860) it is provided that, in all sales made pursuant to authority given in a mortgage, " there shall be given such notice as may be stated in such mortgage; or if there be no agreement as to notice, then the party offering the same for sale shall give twenty days notice of the time, place and terms of sale by advertisement in some newspaper, printed *in the county where the mortgaged premises lie,* if there be one so published, and if not, in a newspaper having a large circulation in said county, and also by advertisement set up at the court-house door of said county." This was the general law in force when the mortgages were executed, and when the sales were made. *Sec.* 742 *of Art.* 4 of the Code of Public Local Laws of Baltimore City, which by *sec.* 11 *of the*

Roberts *vs.* Loyola Perpetual Building Association.

*Act of* 1888, *ch.* 98, extending the city limits, was made applicable to the territory of Baltimore County brought within the city, is as follows: "Any mortgagee of property in the City of Baltimore, his assignee or executor, where a power to sell is contained in the mortgage, may proceed under Article 66 of the Public General Laws, title 'Mortgages,' but notices of sale under such power shall be published in two daily newspapers in said city for the period required by law." This section makes Article 66 of the Code applicable to Baltimore City, though it requires the notice of sale to be published in two papers instead of in only one.

Now, inasmuch as when the mortgages were executed the property was within the outlines of Baltimore County it has been argued that the Circuit Court of Baltimore City was without jurisdiction to ratify the sales, notwithstanding the Act of 1888, ch. 98, brought the property within the limits of the city. It was further insisted, that the proceedings were irregular, because no advertisement was inserted in a newspaper published in Baltimore County, and no notice was posted at the door of the court-house—the failure to so advertise, and to so post such notice, being, according to the contention of the appellant, a departure from the terms of the powers of sale set forth in the mortgages.

The jurisdiction of the Courts of Baltimore City was, by the Annexation Act, expressly extended over the territory brought within the city's limits, and that territory, from the time the Act of 1888, ch. 98, became operative ceased to be any part of Baltimore County. The powers of sale in the mortgages were not affected by that annexation, and the property itself was merely excluded from one political subdivision of the State and added to another. As the law stood before the annexation, an advertisement for twenty days in some newspaper published in Baltimore County—the county where

Roberts *vs.* Loyola Perpetual Building Association.

the mortgaged premises were situated—was all the notice required to be given of a sale in execution of the power, because the advertisement to be set up at the court-house door, under sec. 8, is only necessary in case there is no newspaper published in the county, and the agreed statement of facts shows that there were several published in Baltimore County. The section we have quoted from the Code of Public General Laws requires, when a sale is made under mortgages like those now before us, that the advertisement shall be inserted "in some newspaper printed in the county where the mortgaged premises lie," and section 15 enacts that the sale shall take place in the county where the land is situated. After the annexation the premises ceased to lie in Baltimore County; and by the very terms of the statute and the language of the mortgages the advertisement could not have been properly published there, and the sale could, under no possibility, have lawfully taken place in that county. All that the mortgages now before us exacted was that the sale "be made in accordance with" the provisions of Article 64 of the Code of 1860; and to have advertised in Baltimore County, under the circumstances of this case, when the lands were actually situated in Baltimore City at the time of the sale, would have been directly in contravention of those provisions, which make it obligatory upon the mortgagee to advertise and to sell in the county where the land lies. In the case of *Chilton vs. Brooks*, 71 *Md.*, 445, the question was different. There the mortgage specifically declared *what* notice was to be given, and *where* it was to be published. It required the advertisement to be given by publication in *Baltimore County*, and that was done. The contention there was that the Annexation Act obliterated the power of sale, and that, as the notice provided by the local laws of Baltimore City had not been given, the sale was irregular. But this Court held that the Annexation Act could not

have the effect of changing the contract of the parties, and that the notice published in Baltimore County, under the circumstances, was all that was necessary. In these mortgages, as we have stated, there is no other requirement than that the sale shall be made in accordance with the provisions of Article .64 of the Code; and Article 64 of the Code is applicable to Baltimore City—more extensive, but no different notice being, however, exacted by the local law when Article 64 is invoked in the sale of property situated in the city. The more extensive notice consists merely in the requirement that the advertisement shall be inserted in *two* newspapers, instead of only in *one;* but there is no difference in the length of time—twenty days being the period named in each. There being no regulation prescribed in the mortgages as to the place where the advertisement was to be published, and the law, in the absence of any agreement on the subject, declaring that the advertisement must be published in the county where the land lies, it of necessity follows, that when this property ceased to be a part of Baltimore County, and became a part of Baltimore City, the authority to sell under the consent, contained in the mortgages, could only be validly exercised in the city after advertisement there. In the absence of special conditions like those in *Chilton vs. Brooks* the power to sell must be exercised conformably to the law in force at the time of sale in the county or city where the property then lies, and where the sale must be made.

With regard to the other exceptions, which apply to only two of the lots sold, it is only necessary to say, that there is no evidence in the record to support them. All the exceptions are sworn to, but no evidence was taken to sustain them. They were heard upon an agreed statement of facts, which contains nothing relating to the two we are now considering. It was suggested, however, that the averments in the exceptions must be taken

Roberts *vs.* Loyola Perpetual Building Association.

as true, because they are verified by the affidavit of the exceptant, and are not denied by an answer.   There is no rule of equity pleading or practice which gives such effect to exceptions so verified.   The appellant seeks to vacate the sales upon the ground that he was not in default, and that he had tendered payment of all arrears and expenses before the sale was made.   It was incumbent on him to support these averments by competent proof.   None was taken, and, as a matter of course, at the hearing the exceptions being unsupported, were properly overruled.   But, beyond this, even had it been shown that the appellant had tendered the amount due and in arrear, and also the expenses incurred by the mortgagee in and about the advertisement of the property, it would not have been sufficient, if, as is implied in the exception itself, other covenants in the mortgage had been broken by him.   His mere offer of willingness "to perform all the conditions and covenants contained in the mortgages" did not relieve him from the consequences of a continuous failure to perform them for three consecutive months.

Agreeing, as we do, with the Circuit Court, its order finally ratifying the sales will be affirmed.

*Order affirmed, with costs.*

(Decided 24th March, 1891.)