CHARLES W. BENTLEY, JR., ET AL. vs. FREDERICK B. BEACHAM AND THOMAS S. BAER.

*Mortgage Sale—Who May File Exceptions.*

A party who has no legal interest in, or record title to, the property sold under a mortgage, is not entitled to file exceptions to a sale thereunder, upon the allegation that the title which he had once held and had previously parted with, was held upon a secret trust, when the person against whom such trust is sought to be enforced is not a party to the proceedings.

Appeal from an order of the Circuit Court for Baltimore County, (BURKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

Thomas Mackenzie, (with whom was *John V. L. Findlay* on the brief), for the appellants.

*Thomas S. Baer*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

Ann O. Bentley and her husband, Charles W. Bentley, executed a mortgage on the 22nd of November, 1882, and default having been made, the trustee therein named duly advertised the mortgaged property, and sold it to Frederick B. Beacham and Thomas S. Baer, trustees. This sale was duly reported to the Circuit Court for Baltimore County, and exceptions thereto were filed by Charles W. Bentley, Jr., for himself individually, and as trustee on behalf of the heirs of Ann O. Bentley, deceased. Subsequently Charles W. Bentley, the surviving mortgagor, and his children were made parties and united in the exceptions filed by Charles W. Bentley, Jr. The mortgagee and the purchaser asked to have these exceptions stricken from the record on the ground that none of the exceptants have any interest in or title to the mortgaged property. The Court below so ordered, and finally ratified the sale. From this order the exceptants have appealed.

The question we have to consider, therefore, is whether the exceptants have any standing in Court, and we are not called on, as the case is now presented, to pass upon the exceptions. If the exceptants have any interest in or title to the land sold under the mortgage they may, of course, come in and object to the ratification of the sale, but such objections must be based upon the invalidity of the mortgage or that the sale would unjustly deprive them of their property, *Albert* v. *Hamilton*, 76 Md. 307; or upon the mode and manner of the sale. *Patapsco Guano Co.* v. *Elder, et al.*, 53 Md. 465. But by the provisions of *sec. 9, Art. 66*, of the Code, power is given to the Court to hear and determine any objections which may be filed against a mortgage sale "by any person interested in the property." And the only question is, therefore, whether these exceptants, or any of

them, have such an interest in the mortgaged property as entitles them, under the provision of the Code just mentioned, to file objections to the mortgage sale. The following state of title appears from an examination of the land records of Baltimore County. By a deed 30th November, 1887, and recorded May 1st, 1889, the mortgagors conveyed the mortgaged property to Charles W. Bentley, Jr., one of the appellants, in consideration of the sum of one dollar, in trust, first to pay himself for all advances of money made by him in discharge of the mortgage debt and for other purposes, and then in trust for the grantors and the survivor of them for life, and after the death of both upon certain other trusts. The deed reserved to the grantors the right to use and occupy the land and to take the rents and profits, and gave to the grantors power " to sell or otherwise dispose of the land at any time," and further provided that the trustee was to be reimbursed out of the proceeds of sale for any money due him for advances he may have made. By deed recorded 5th May, 1891, the grantors exercised the power of sale so reserved to them and conveyed the property, subject to the mortgage, to Charles W. Bentley, Jr., in fee, in consideration of the sum of one thousand dollars advances theretofore made by him to them. On the 1st August, 1894, Charles W. Bentley, Jr., and his wife, for a nominal consideration, conveyed the same property to D. L. Davis, in fee, subject however, to the mortgage and the last-named grantee, on 8th December, 1897, conveyed in fee to Mary F. C. Bentley, the wife of said Charles W. Bentley, Jr. It is apparent, therefore, that the exceptant, Charles W. Bentley, Jr., had, at the time he filed exceptions, parted with all his title to and interest in the land. But his contention is that this condition of title as disclosed by the land records is not the real situation, and in complying with the order of Court requiring him to show cause why the exceptions filed by him individually and as trustee for the children of the mortgagors should not be stricken out, he relies upon an alleged

secret trust or understanding by which, although the prop-
erty was conveyed to him by the mortgagors in fee, he was
to hold it subject to the trusts set forth in the deed of 30th
November, 1887.   It thus appears that Mary F. C. Bent-
ley, the only person who has any legal title to or interest
in the mortgaged land, is not a party to this proceeding.
She is in no way represented, nor has she filed any excep-
tions, and the effort on the part of the appellants is to estab-
lish as against her, the alleged secret trust, and thus de-
stroy her absolute title and convert her into a trustee for
them.   It does not appear that the existence of this trust
can be established as required by the Statute of Frauds ;
but, assuming that the necessary evidence can be produced,
it cannot be of any avail in this proceeding for the reason
that Mrs. Bentley, the owner of the mortgagor's interest is
not a party and cannot, therefore, be bound.   If, as con-
tended by the exceptants, there is a valid trust existing, they
can by proper proceedings in equity establish it against Mrs.
Bentley, but they cannot be allowed on exceptions to a
mortgage sale to try an issue in which the mortgagee has
no concern.   As was said in *Patapsco Guano Co.* v. *Elder,
et al., supra,* " Courts have no power under exceptions to a
sale to hear and decide upon the merits of a bill in equity."
But, in addition to this view, it is clear that it would be con-
trary to the first principles of justice to finally pass upon
the rights of Mrs. Bentley in her absence from the cause.
*Glenn* v. *Clapp,* 11 G. & J. 1; *Handy* v. *Waxter,* 75 Md. 517.

*Order affirmed with costs.*

(Decided November 15th, 1900.)