## ANNA NORA JOHNS vs. SAMUEL CARROLL.

*Resulting Trust—Insufficient Evidence.*

Thirteen years after certain land had been purchased and conveyed to a woman, who afterwards married the plaintiff, and after her death, plaintiff filed a bill alleging that he had furnished the purchase money for the land, and asked that a resulting trust in his favor be declared. There was no evidence to show whose money was actually used in the purchase. *Held*, that the plaintiff is not entitled to the relief asked for.

*Decided March 5th, 1908.*

Appeal from the Circuit Court for Anne Arundel County (ROGERS, J.)

The cause was argued before BOYD C. J., BRISCOE, PAGE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Jerry L. Smith* (with whom was *Robert Moss* on the brief), for the appellant.

*Elihu S. Riley*, for the appellee.

PAGE, J., delivered the opinion of the Court.

The purpose of this proceeding is to procure a decree of the Court providing for the conveyance of the certain tracts of land described in the bill which in 1893 and 1899 were respectively conveyed to one Delilah Johnson.

It is contended by the appellee that the purchase money for these two parcels of land, was paid by the complainant and that by reason thereof a trust resulted in his favor, which entitles him to the decree he is seeking to procure.

The law applicable to such a case as this, is not subject to doubt in this State. When it is clearly shown that one has purchased an estate and paid the purchase money therefor but has taken a deed in the name of another, a trust results by construction of law in favor of the party who has so paid. The payment of the money which is the foundation of the trust can be proved by parol, but the proof of it must be clear and positive. *Dorsey* v. *Clark*, 4 H. & J. 551; *Dryden* v. *Hanway*, 31 Md. 254; *Plummer* v. *Jarman*, 44 Md. 632; *Groff* v. *Rohrer*, 35 Md. 336.

The questions involved here can therefore be resolved into this—does the evidence clearly establish the fact that Samnel Carroll paid the purchase-money for the property out of his own money, although the deeds were taken in the name of Delilah Johnson?

These deeds were made respectively in the years 1893 and 1899. The proof that the money paid was the property of Samuel Carroll, seems to be quite unsatisfactory. There was nothing said or done at the time of the transaction which indicates with precision where the ownership was at that time.

Both were present at the time one of the deeds was made by direction, to Delilah and for more than thirteen years thereafter no objection to the title was made and no claim was ever set up by the appellant to an interest therein. During this period Delilah and Samuel were married and lived together for several years; Delilah raised money on the property by mortgaging it and there is no proof that she did not deal with it as her own. As long as she lived it does not appear that he laid any claim to it. At the time the conveyance was made it appears that Carroll produced the money from his own custody, in Delilah's presence, but when he did so, he directed the title to be made out to her, and so acquiesced in it, as long as she lived.

There is nothing to show where the money came from and so far as the evidence affects the matter, the ownership of the money, may as well be supposed to be in Delilah, as in Samuel. Certainly there is no such explicit proof, as is necessary to establish with precision and certainty that the money was not Delilah's but Samuel's, and not enough to establish a beneficial interest in the property contrary to the provisions of the deeds.

For thirteen years the appellee has slept on his rights, if he had any, and it is only after that long lapse of time, when Delilah has died and the facts are no longer fresh in the minds of those who participated in the transaction, that he now comes forward and sets up this secret equity. The decree must be reversed.

> *Decree reversed and bill dismissed—*
> *the appellee to pay the costs.*