PATRICK F. HANNAN *v.* CHARLES B. LYDDANE ET AL.

PATRICK F. HANNAN *v.* LEON TOBRINER ET AL., TRUSTEES.

[Nos. 10, 11, January Term, 1933.]

*Decided March 20th, 1933.*

358

The causes were argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*H. Winship Wheatley* and *Harold C. Smith,* with whom was *H. Winship Wheatley, Jr.,* on the brief, for the appellant.

*Joseph C. Cissel,* with whom was *Roger J. Whiteford* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

The sole question on these appeals is: Did the appellant have an interest in the property sold within the meaning of section 9 of article 66 of the Code, which provides that "the court shall have full power to hear and determine any objections which may be filed against such sale by any person interested in the property."

Patrick F. Hannan is the appellant in both cases. In No. 10 the appellees are assignees of a chattel mortgage dated March 28th, 1931, given by William A. Hill Company, a corporation, to Grace T. Pyles as collateral security for an alleged indebtedness of $227,500; and in No. 11 the appellees are trustees in a deed of trust dated March 30th, 1931, in the nature of a mortgage between the same parties to secure the same indebtedness. Both of these papers were duly recorded. The question for determination is the same in both cases. The appellant was the holder of promissory notes in excess of $4,500 from the William A. Hill Company, which he had indorsed and discounted with the Federal American National Bank & Trust Company at the time the said chattel

mortgage and deed of trust were executed. Grace T. Pyles was a stenographer in the office of the William A. Hill Company, and immediately indorsed the notes described in said mortgage and deed of trust to the Federal American National Bank & Trust Company, which now holds them. The real estate described in the deed of trust was, on May 10th, 1932, sold by the trustees under power of sale in the deed, and the chattels in the chattel mortgage were sold by the assignee thereof on May 17th, 1932, both of which sales were duly reported to the Circuit Court for Montgomery County.

Exceptions to the ratification of sales were filed by appellant in both cases on identical grounds.

In substance the complaint is that the chattel mortgage and deed of trust were procured by the said bank and trust company from the William A. Hill Company, practically all the stock of which was owned by William A. Hill, at a time when he was physically and mentally ill, and not in a condition to comprehend the full import of the transaction; that the property conveyed was practically all the assets of the mortgagor company; that the purpose of the conveyances was to prefer certain creditors mentioned in an agreement of March 31st, 1931, to the exclusion of all other creditors; that, after the said bank and trust company got possession of said assets, it made partial payments on the indebtedness of the William A. Hill Company to the exceptant and to others, and thereby lulled the exceptant into a sense of security, although he had no actual knowledge of said conveyances until within a month of the filing of his exceptions; that in executing said conveyances as president of the company the said Hill was acting under the advice and counsel of the trustees named in said deed of trust, one of whom was acting as his counsel and as counsel for some of the other creditors who were to be protected; that at the time of these conveyances and the execution of said agreement the said bank and trust company held the notes of the William A. Hill Company indorsed by the exceptant; that on or about May 23rd, 1932, the exceptant for the first time was informed of the terms of said agreement, and immediately notified the said bank and trust company

that he considered that he had been released by said agreement from his indorsement on said notes; that it refused to strike off his indorsement; that, if it were not the intention of said bank and trust company to protect the notes held by it, indorsed by exceptant, then said agreement is void as to exceptant, and said deed of trust and chattel mortgage should be set aside; that the attempt of said bank and trust company to secure a preference to the rights of exceptant as an indorser on the notes discounted by him at said bank and trust company is a waiver of its right to look to exceptant and to enforce any liability against him by reason of his indorsement of said notes; that in the advertisement of the personal property described in the chattel mortgage it was stated that certain information would be given at the time of said sale, but that no such information was given; that said sale was an attempt on the part of said bank and trust company to buy said personal property and to suppress bidders; that said personal property was sold for less than its true value, and would have sold for more if said bank and trust company had not suppressed bidders and refused to give information as requested by respective bidders.

The trustees and the assignee in the respective cases moved that the exceptions be stricken from the records, for the reason that exceptant had no interest in or title to the property sold. While an order *nisi* was pending in No. 11, and before final order, the exceptant asked leave to file supplemental and amended exceptions, which was refused by an order duly passed. Decrees were passed in both cases striking the exceptions from the record and finally ratifying the sales. The appeals in these cases are from the respective decrees.

The questions raised are conclusively settled against appellant in *Patapsco Guano Co. v. Elder et al.,* 53 Md. 463; *Bentley v. Beacham,* 91 Md. 677, 47 A. 1024; and *Kinsey v. Drury,* 141 Md. 684, 119 A. 646, 648.

In the last-mentioned case, which was a suit in equity to restrain the foreclosure sale of certain real estate owned by the defendant corporation on the ground of fraud and lack of consideration, and irregularities in recording the deed, and

in which relief was refused, we said in an opinion by Judge Offutt: "The complainants are not judgment or lien creditors of the company, are not parties to the deed, and have no interest whatever in the land referred to and described in the mortgage deed of trust, but are mere general creditors of the company"—citing the rule stated in *Miller, Equity Procedure,* p. 832, that, before a creditor can subject real estate to the payment of his debt, he must obtain a judgment creating a lien upon it, and, if he is pursuing personal estate, he must obtain a lien by an execution on his judgment, and calling attention to the distinction between a bill to set aside a fraudulent conveyance, which, under Code, art. 16, sec. 48, may be filed by one who has not obtained a lien, and a suit to restrain a mortgage sale and to have the land covered by the mortgage held subject to the claim of an unsecured creditor, which is not within the exception covered by the Code provision cited.

If a general creditor cannot by injunction restrain the foreclosure of a fraudulent mortgage, he is equally powerless to successfully interpose objections to the ratification of a sale under such mortgage. The cases of *Albert v. Hamilton,* 76 Md. 304, 25 A. 341, and *Chew v. Baker,* 133 Md. 639, 105 A. 756, relied on by appellant, are in no way in conflict with the rule above stated. In *Albert's* case it was the mortgagor who was excepting, and he, of course, had an interest in the property. In *Chew v. Baker* the exceptants were creditors of a deceased owner of real estate, whose personal estate was insufficient to pay his debts. In such a case, of course, there was a creditor's lien on the real estate.

*In No. 10, decree affirmed, with costs. In No. 11, decree affirmed, with costs.*