CLAUDIAN B. NORTHROP ET AL. *v.* WILLIAM L. BEALE ET AL., TRUSTEES, ET AL.

[No. 19, April Term, 1936.]

440

*Decided May 20th, 1936.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Claudian B. Northrop,* with whom was *Joseph C. Cissel* on the brief, for the appellants.

*William F. Prettyman,* for William L. Beale and George W. Brown, trustees, appellees.

*Robert Peter, Jr.,* for Francis Winslow and Laura B. Winslow, appellees.

SLOAN, J., delivered the opinion of the Court.

On the 8th day of July, 1931, the appellants, Claudian B. Northrop and Eleanor G. Northrop, his wife, executed

a deed of trust to William L. Beale and George W. Brown, trustees, conveying the property therein described, being a lot containing a half acre, improved by a fourteen-room, frame, dwelling, located at Chevy Chase in Montgomery County, to secure the payment to the American Security & Trust Company of Washington, D. C., of the sum of $12,000 three years after date, with interest at 5½ per cent., payable semiannually. The instrument, though in form a deed of trust, was in effect a mortgage (*Manor Coal Co. v. Beckman,* 151 Md. 102, 115, 133 A. 893), containing the covenants usually found in a technical mortgage (Code, art. 66), with respect to the payment of the principal debt, interest, taxes, and public liens, with the right to foreclose, however, if "default be made in the payment of any of said promissory notes * * * or any installment of interest * * * or any proper cost or expense in or about the same."

The appellants or mortgagors being in default in the payment of principal and interest, the trustees, appellees, advertised and sold the property so conveyed to them to the American Security & Trust Company for $13,750, which sale was duly reported to the Circuit Court for Montgomery County, and, on exceptions to the ratification of the sale, it was set aside. Later, on April 8th, 1935, after three weeks advertisement, the property was offered for sale, and sold to Francis Winslow and Laura Bryn Winslow, his wife, for $14,300. The second sale was so reported by the trustees, and exceptions filed by the appellants, the grounds of exception being as follows: (1) Because no time was given to the exceptants, before sale, to redeem, and they were thus deprived of their property without due process of law. (2) Inadequacy of price. (3) Both trustees were directors and one of them a vice president of the secured creditor, and therefore disqualified to act as trustee. (4) The trustees, by reason of their connections with the American Security & Trust Company, did not and could not represent all parties impartially, and as a fact had acted "oppressively, unconsciously and improperly, and in a man-

ner hostile and antagonistic to their grantors"; and (5) other reasons to be assigned at the hearing of the exceptions.

The exceptants prayed that the sale be set aside, new trustees or a receiver be appointed, the debt ascertained, and time for redemption allowed. The trustees filed a general demurrer to the exceptions. The purchasers, Mr. and Mrs. Winslow, demurred to each and every exception. Of this procedure, more later. The demurrers were sustained as to all exceptions, except so much of the fourth exception as submitted a question of fact not apparent on the face of the proceedings. After the decision on the demurrers, the appellants filed an additional exception to the ratification of the sale, wherein they alleged that the purchasers, the Winslows, had agreed to sell and convey the land and premises so purchased by them to the exceptant Claudian B. Northrop, or his designee, at the sum of $14,300, which they later repudiated, and the exceptants prayed the court to "refuse confirmation of said sale until" they "shall do equity by carrying out their agreement to convey said premises upon the payment of said sum of $14,300." Two months later the appellants filed an amendment to the exceptions theretofore filed, by which they struck out the words "that this sale be set aside," and enlarged upon the alleged agreement with the Winslows, which was nothing but negotiations carried on orally, never consummated, and never evidenced in writing or by any kind of part performance. As amended, the exceptions were again demurred to and the demurrers sustained, and an order was then passed ratifying the sale, the order being prefaced by the statement, "That the exceptions to the ratification of the sale reported in this cause on the 22nd day of April, 1935, have been abandoned by the exceptant in so far as they apply to the ratification of the sale, with the exception of the Sixth Exception as amended." The appellees prepared their briefs on the theory that the appellants had abandoned everything except their alleged agreement with the Winslows for the purchase of the

mortgaged property, on the assumption that they meant what they said when they, in their final amendment to their exceptions, struck out the prayer to set the sale aside, but the appellants now insist that they stand on their exceptions as originally filed. In this, however, they are inconsistent, as the alleged agreement with the Winslows, if that could be enforced, is predicated on the ratification of the sale to them. We shall, however, express our views of the merits of the various objections to the sale, though the appellants did expressly, in the final amendment to their exceptions, strike out the prayer that the sale be set aside. The contention of the appellants in presenting their first exception seems to be that the only proceeding open to the lender, for whose security the deed of trust was made, is to proceed in equity for a decree *nisi*, enforceable against the property upon the appellant's failure to pay within the time fixed by such decree. There is no need here, however, to enter into the question of the mortgagor's right of redemption, as the way open to them is to tender the amount due (*Manor Coal Co. v. Beckman,* 151 Md. 102, 117, 133 A. 893), and it is for its failure so to do that the trustees, Beale and Brown, proceeded to execute their trust in the manner provided by the deed to them (*Chilton v. Brooks,* 71 Md. 445, 18 A. 868; *Roberts v. Loyola Perpetual Building Assn.,* 74 Md. 1, 21 A. 684; *Manor Coal Co. v. Beckman, supra*). As said by Judge Alvey in *Bank of Commerce v. Lanahan,* 45 Md. 396, 408, "Their only remedy is the enforcement of the trust, and to execute the trust requires the property to be sold."

Was the price the mortgaged property brought so inadequate as to imply fraud in the sale? The property was put up for sale twice. The first time it was sold to the American Security & Trust Company for $13,750, the amount required to pay the principal debt, interest, taxes, and costs. This sale appears to have been set aside, though the record is silent as to the reason it was done. Six and a half months later the property was again sold, this time to the appellees Francis and Laura D. Winslow

for $14,300. There is no other statement of value alleged anywhere except that contained in the appellants' amended sixth exception, where it is said that the property is of the value of $32,000 or more. No evidence was taken to support any of the exceptions. The appellants assert that the appellees, by their demurrers and their failure to file answers, admit the truth of all matters of fact stated in the exceptions as a substitute for evidence. A report of sale is not a pleading, nor is an exception to such a report, and we know of no rule by which the legal sufficiency of such an exception must be raised by a demurrer. The legal sufficiency of an exception to a sale or an auditor's report can be decided without a formal answer; the exception itself raises and submits the question. The failure to file a formal answer cannot result in a judgment or decree by default in favor of the exceptant. If the exception presents a question of fact, an answer may be required, but, whether an answer be filed or not, matters of fact in exceptions to reports of sale or to auditors' reports must be sustained by proof unless expressly admitted. Questions of law, raised by an exception, will be decided by the court after hearing without demurrer. *Miller's Equity Procedure* 642; *Williamson v. Wilson*, 1 Bland, 418, 434, 441; *Post v. Mackall*, 3 Bland, 486, 496; *Dixon v. Dixon*, 1 Md. Ch. 271, 274. The interposition of a demurrer to exceptions to a sale or auditor's report is unnecessary and is not favored. The rule in this state as stated by Mr. Miller (*Equity Procedure* 601) is: "When exceptions are filed, the burden of proof is upon the exceptant. The averments of the exception must be supported by proof. Mere exceptions on questions of fact, without evidence, although under oath, and although the answer to the exception does not deny their averments, must be overruled. Exceptions upon questions of fact, in order to be sustained, must be supported by preponderating evidence sufficient to set aside the report of the trustee." *Bolgiano v. Cooke*, 19 Md. 375, 397; *Vickers v. Tracey*, 22 Md. 196,

198; *Roberts v. Loyola Perpetual Bldg. Assn.,* 74 Md. 1, 6, 21 A. 684.

In the absence of any evidence, the second exception was properly overruled. The same conclusion must be reached as to the fourth exception, which contains a violent verbal attack on the trustees, not supported by proof nor by anything appearing in the record. *Lewis v. Beale,* 162 Md. 18, 22, 158 A. 354.

The third exception is on the assumption that the trustees, Beale and Brown, because they are officers of the lending company, are both trustees and beneficiaries, and cites *Horsey v. Hough,* 38 Md. 130, *Chilton v. Brooks,* 69 Md. 584, 16 A. 273, and *Dudley v. Roberts,* 144 Md. 155, 162, 124 A. 883, in support of the contention that they were disqualified to act as such trustees in the execution of their trust; but we draw no such inference from those cases. We have been referred to no authorities that Messrs. Brown and Beale had any such interest as to disqualify them, and nothing in their conduct justifies the prayer for their removal.

Unless the objections to the ratification are apparent in the papers and proceedings and brought to the attention of the court, a general exception (fifth) cannot be entertained. *Miller, Eq. Proc.* 643.

The sixth exception is virtually the injection of a bill for specific performance into a mortgagee's sale. This cannot be done, and it is, therefore, unnecessary and out of order for this court to pass on the merits of the controversy between the appellants and the purchasers, Mr. and Mrs. Winslow. If the appellants have recourse against the Winslows to compel them to convey the land involved in these proceedings, it must be done in an independent suit, in which the other appellees, trustees, are in no wise concerned. We know of no principle upon which the settlement with the trustees making the sale should be delayed to await the conclusion of a controversy between the mortgagors and the purchasers at a mortgagee's sale. As said in *Patapsco Guano Co. v. Elder,* 53 Md. 463, 465, "Courts have no power under exceptions

446

to a sale, to hear and decide upon the merits of a bill of equity. As between the parties to the suit, the decree is conclusive as to the matter, and as to strangers, not parties to the suit, it can in no manner affect their rights." See, also, *Slingluff v. Stanley,* 66 Md. 220, 7 A. 261; *Bentley v. Beacham,* 91 Md. 677, 47 A. 1024; *Turpin v. Miles,* 108 Md. 678, 71 A. 440.

Finding no merit in any of the exceptions, the order ratifying the sale should be affirmed.

*Order affirmed, with costs.*